FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
1/28/2016 3:27 PM
Cathy Chavez

STATE OF NEW MEXICO

COUNTY OF BERNALILLO

SECOND JUDICIAL DISTRICT

SUMMONS (ES) ISSUED

No. CV 2016 00580

GEORGE E. CHAVEZ,

PLAINTIFF, pro se

Vs.

JOSH WEST, SENIOR GROUP LIFE CLAIMS ANALYST, AND

UNITED OF OMAHA LIFE INSURANCE COMPANY AND

MUTUAL OF OMAHA AND/OR AFFILIATED COMPANIES

AND/ OR UNUM INSURANCE CO. OR ITS SUCCESSOR, AND

JOHN DOE 1-5 AND JANE DOE 1-5 AS MAY BE IDENTIFIED

INDIVIDUALLY AND SEVERALLY

DEFENDANTS

## COMPLAINT

### FOR NEGLIGENCE AND PERSONAL DAMAGES

FACTS:

1. PLAINTIFF IS A NEW MEXICO RESIDENT OF BERNALILLO COUNTY. HE LIVES AT 6200 MONTANO PLAZA DR. APARTMENT 1616, ALBUQUERQUE, NEW MEXICO, WITH TELEPHONE NO 505 899-4279. PLAINTIFF HAS RESIDED IN BERNALILLO COUNTY FOR 7 YEARS.

**EXHIBIT - A**

2. PLAINTIFF WAS EMPLOYED BY THE STATE OF NEW MEXICO, DEPARTMENT OF HEALTH UNTIL HE WAS RETIRED IN 1995 DUE TO HEART ATTACK AND ASSOCIATED MEDICAL PROBLEMS.

3. UPON HIS TERMINATION, PLAINTIFF WAS GIVEN AN OPTION TO CONTINUE HIS MUTUAL OF OMAHA GROUP LIFE INSURANCE POLICY WITH THE STATE OF NEW MEXICO PROVIDED HE MAKE CERTAIN PAYMENTS. THIS PLAINTIFF DID AND WAS INSURED UNDER GROUP POLICY No. GLUG-4R80 WITH A BENEFIT AMOUNT OF $40,000.

4. PLAINTIFF WAS FURTHER INSURED BY A SECOND POLICY No.GSL-4R82 IN THE BENEFIT AMOUNT OF $96,000.00 AND WITH CLAIM NO GL:10024664.

5. PLAINTIFF WAS REQUIRED TO HAVE A MEDICAL REVIEW EVERY YEAR STATING THAT HE WAS CONTINUALLY AND COMPLETELY DISABLED.

6. AS REQUIRED, PLAINTIFF SUBMITTED YEARLY MEDICAL REVIEWS.

7. IN JUNE 22, 2015, PLAINTIFF WAS NOTIFIED THAT "...IT IS THE COMPANY'S DECISION THAT WE WILL NO LONGER REQUEST ANNUAL VERIFICATION OF TOTAL DISABILITY..."

8. THE JUNE 22, 2015 LETTER WAS SIGNED BY JOSH WEST, SENIOR GROUP LIFE CLAIMS ANALYST.

9. PLAINTIFF REQUESTED THAT A COPY OF THE GROUP POLICY PAMPHLET SHOULD BE MAILED TO HIM AND WAS ADVISED THAT THE "...THE COMPANY NO LONGER HAS COPIES BECAUSE THE STATE OF NEW MEXICO REFUSED TO RECONTRACT WITH MUTUAL OF OMAHA."

10. PLAINTIFF HAD NO SAY IN THE RE-CONTACTING PROCESS, BUT IS IN NEED OF THE POLICY IN ORDER TO EVALUATE WHAT OTHER INSURANCE PROTECTIONS HE MAY NEED PRIOR TO HIS DEMISE.

11. DEFENDANTS REFUSAL TO MAKE THE INITIAL POLICY AVAILABLE TO HIM IS AN AFFRONT TO THE STANDARD OF GOOD FAITH AND FAIR DEALING AND HAS REQUIRED HIM TO SECURE ADDITIONAL MEDICATIONS.

12. PLAINTIFF FURTHER BELIEVES THAT THE DEFENDANTS HAVE, AND CONTINUE TO HAVE, A FIDUCIARY RESPONSIBILITY TO PLAINTIFF AND TO PLAINTIFF'S BENEFICIARIES.

13. PLAINTIFF HAS BEEN TOLD BY DEFENDANTS ON THE RECORD THAT HE SHOULD FILE A "STATEMENT OF CLAIM FOR LIVING BENEFITS IF A PHYSICIAN CERTIFIES THAT THE PLAINTIFF "...MAY DIE FROM HIS ILLNESSES WITHIN A YEAR OR SO. FURTHERMORE, THE TOTAL AMOUNT OF HIS INSURANCE BENEFIT IS AVAILABLE UPON HIS DEATH OR HE REACHES 100 YEARS OF AGE." THESE ARE FINAL DETERMINATIONS AND ARE MADE IN BAD FAITH.

14. IT IS PLAINTIFF'S UNDERSTANDING OF NEW MEXICO LAW THAT A FIDUCIARY MUST POST A BOND TO COVER PLAINTIFF'S CLAIM AND MR. WEST IS IN FACT A FIDUCIARY. DEFENDANTS ALSO HAVE A DUTY TO PLAINTIFF TO PROTECT THE AMOUNTS OF THE INSURANCE POLICY AND INVEST SAID AMOUNTS IN AN INTEREST BEARING ACCOUNT FOR THE BENEFIT OF PLAINTIFF AND HIS BENEFICIARIES.

15. PLAINTIFF REMEMBERS THAT HE HAD A NUMBER OF INSURANCE POLICIES WHEN HE LEFT WORK AND THAT THEY WOULD CONTINUE TO GET PAID AS LONG AS HE WAS DISABLED. PLAINTIFF REMEMBERS A POLICY WITH UNUM INSURANCE, AND IS SEARCHING FOR THE COPIES OF SAID POLICY. DEFENDANTS HAVE A CONTINUING ADDITIONAL DUTY TO ADVISE PLAINTIFF OF CHANGES SUBSEQUENTLY MADE TO THE INITIAL POLICY

16. PLAINTIFF WAS DIRECTED BY DEFENDANTS TO COMPLETE A "...STATEMENT OF CLAIM FOR LIVING BENEFITS. PLAINTIFF WAS LATER INFORMED THAT "...WE NO LONGER ALLOW LIVING BENEFIT CLAIMS FOR ANY POLICY IN WHICH THE MASTER POLICYHOLDER HAS CANCELLED WITH UNITED OF OMAHA...". PLAINTIFF BELIEVES THAT DEFENDANTS OWE HIM A CONTINUING DUTY OF GOOD FAITH IN ITS CONTRACTUAL ROLE.

17. PLAINTIFF CONTINUES TO BE TOTALLY DISABLED. HE ADDITIONALLY SUFFERS FROM POST TRAUMATIC STRESS DISORDER (PTSD), MAJOR DEPRESSION, SCHIZOID EFFECTS, PARONIA, HALLUCINATIONS, WALKING AND BALANCE, HEADACHES AND OTHER MALADIES IN ADDITION TO HIS HEART PROBLEMS.

18. PLAINTIFF IS A 100 PERCENT DISABLED VIETNAM VETERAN FROM THE PTSD, ETC, AND RECEIVES PSYCHOTROPIC MEDICATIONS AND PSYCHIATRIC TREATMENT FROM THE VETERANS ADMINISTRATION HOSPITAL IN ALBUQUERQUE, NM. PLAINTIFF'S PHYSICAL AND MENTAL AND EMOTIONAL DISTRESS ARE DUE TO DEFENDANTS CONTINUING ACTS OF BAD FAITH.

19. DEFENDANTS' HAVE AN ADDITIONAL BURDEN OF NOT RISKING A CONTINUED ATTACK ON HIS MENTAL HEALTH. DEFENDANTS SHOULD PRODUCE INFORMATION WHICH INDICATES THAT THEY HAVE BEEN TRAINED ON MEETING THE PUBLIC IN A RESPECTFUL MANNER AND TO AVOID SPECULATION ABOUT THE MENTALLY ILL WITH SPECIAL EMPHASIS ON PREDICTING WHEN AN INSURED WILL DIE. PLAINTIFF SPECIFICALLY OBJECTS TO DEFENDANTS COMMENTS CONCERNING HIS DEMISE.

20. DEFENDANT'S SUPERVISORY STAFF HAVE A CONTINUING DUTY TO SUPERVISE EMPLOYEES AND AVOID A GROSS UNREASONABLENESS IN THEIR DEALINGS WITH PLAINTIFF. PLAINTIFF RESENTS DEFENDANTS CALLOUSNESS IN RESPONDING TO HIS REQUESTS FOR INFORMATION.

21. PLAINTIFF'S MENTAL HEALTH HAS BEEN AND CONTINUES TO BE TORMENTED BY DEFENDANT'S ACTIONS.

22. PLAINTIFF REQUIRES DAILY MONITORING BY HIS DAUGHTER AND PSYCHIATRIC TEAM AND BY A REMOTE HEART MONITOR FOR TAKING MEDICATIONS, GENERAL SAFETY CONCERNS AND PLANS FOR THE DAY.

23. PLAINTIFF HAS CERTAIN FATALISTIC BELIEFS AND DOES NOT BELIEVE HE WILL LIVE TO 100 YEARS OF AGE. EACH DAY IS A DAY OF PREPARATION, AND PLAINTIFF WANTS TO MAKE FUNERAL PLANS AND RESOLVE OTHER PERSONAL MATTERS WHILE HE STILL LIVES.

## CONCLUSION:

IN THE INSTANT CASE, PLAINTIFF HAS NO RECOURSE BUT TO ASK THE COURT:

1. JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF HIS INSURANCE. $130,000.00 AND PUNITIVE DAMAGES IN THE SAME AMOUNT.
2. FOR A DECLATORY JUDGMENT TOGETHER WITH A JURY TRIAL TO DETERMINE AND AWARD PUNITIVE DAMAGES BECAUSE OF DEFENDANTS INTENTIONAL AND/OR WILLFUL NEGLIGENCE IN CAUSING PLAINTIFF'S CONTINUING PHYSICAL AND MENTAL HEALTH AND GREATLY REDUCED QUALITY OF LIFE AND HAS BEEN SEVERLY AND NEGATIVELY IMPACTED.
3. AN ORDER OF THE COURT THAT DEFENDANTS BE RESTRAINED FROM FURTHER HARRASSMENT OF PLAINTIFF.
4. FOR SUCH OTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER.
5. A RULING THAT DEFENDANTS REMAIN AS FIDUCIARY AGENTS WITH QUARTERLY REPORTS TO PLAINTIFF.

PREPARED AND SUBMITTED

BY GEORGE R. CHAVEZ, pro se

6200 Montano Plaza NW
Apt 1616
Albuq, NM
505-899-4279

A COPY OF THIS DOCUMENT WAS DELIVERED BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED ON FEBRUARY 4th 2016.

BY George E. Chavez